UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.: 5:25 CR 466 |
| | ) | |
| | ) | |
| vs. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| | ) | |
| FELIX PASTOR-PEREZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant, Felix Pastor-Perez's Motion to Dismiss Indictment. (ECF #11). The Government filed a Response in Opposition to the Motion, and the Defendant filed a Reply in support of his position. (ECF #12, 14). The Defendant argues that the charges contained in the indictment are time-barred under 18 U.S.C. §3282(a). The Government counters that the alleged crimes are subject to the continuing offense doctrine, and therefore, the indictment was timely. For the reasons set forth below, Defendant's motion is DENIED.

## FACTUAL BACKGROUND[1]

The Defendant, Mr. Pastor-Perez is not a United States citizen.  At the time of his arrest, he was employed with AZZ Galvanizing.   Employment records from AZZ Galvanizing include an I-9 Employment Eligibility Form for Mr. Pastor-Perez in which he used another name, date of birth, and social security number to establish eligibility for employment.  The identifying information used by the Defendant belonged to a United States citizen.  Mr. Pastor-Perez signed the form attesting, under penalty of perjury, that he was a United States citizen.  The form was submitted to AZZ Galvanizing on March 14, 2017, which was the same day his employment began.  There is no evidence before the Court that would indicate that Mr. Pastor-Perez used this form, or the identifying information contained therein for any purpose since that date.  The wage report for AZZ Galvanizing, shows that Mr. Pastor-Perez received wages under the assumed name and social security number through the first quarter of 2025.

Mr. Pastor-Perez was arrested, along with multiple other workers at AZZ Galvanizing on August 6, 2025, on suspicion of being an undocumented alien working fraudulently under the assumed identity of a United States citizen.  On September 17, 2025, Mr. Pastor-Perez was named in a three-count indictment alleging the following violations: (1) False claim to US citizenship to Engage Unlawfully in Employment, in violation of 18 U.S.C. §1015(e); (2) Misuse of a Social Security Number, in violation of 42 U.S.C. §408(e)(7)(B); and, (3) Aggravated Identity Theft, in violation of 18 U.S.C. §1028(a)(1).

---

[1]

The facts have been taken from the allegations in the indictment.  These facts  are accepted as true for purposes of this opinion only.  They should not be construed as findings of the Court.

## ANALYSIS

A pre-trial motion to dismiss for failure to state an offense under Fed. R. Crim. P. 12(b)(3)(B)(v) may be resolved without trial if it raises a question of law rather than a question of fact. *See, United States v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976). In this case, the Defendant alleges that the Indictment does not state an offense because the statute of limitations bars its prosecution. In determining whether this question can be resolved by pretrial motion, the Court must accept the facts alleged in the indictment as true. *See, Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 343, n. 16 (1952).

The parties agree that the relevant statute of limitations for all three charges is five years. 18 U.S.C. §3282(a). The period of limitations begins to run at the time "such offenses have been committed." *Id.* Ordinarily, a crime is complete when "every element of the crime has been accomplished." *Toussie v. United States*, 397 U.S. 112 (1970); see also, *United States v. Lutz*, 154 F.3d 581, 586 (6th Cir. 1998). However, the continuing offense doctrine creates an exception to the rule that the statute of limitations begins to run when the elements are first completed.

The continuing offense doctrine provides that criminal acts which involve a prolonged course of conduct, extends the otherwise applicable statute of limitations until the conduct ends. *Toussie* at 115. In *Toussie*, the Supreme Court identified two scenarios which justify application of the continuing offense doctrine: (1) when "the explicit language of the relevant statute compels this conclusion," ; or, (2) when "the nature of the offense charged is such that Congress must assuredly have intended that the offense be treated as a continuing one." *Id.* ; see also, *United States v. Del Percio*, 870 F.2d 1090, 1095 (6th cir. 1989). When the conduct of a continuing offense "spans the statute of limitations period. . . the crime is not barred by the statute of

3

limitations as long as the proscribed course of conduct continues into the limitations period." *Toussie* at 115.

The Government does not argue that there is any explicit language making the charged offenses continuing. They do contend, however, that due to the nature of offense charged, Congress must have intended it be a continuing one. Specifically, they claim that as long as Mr. Pastor-Perez continued to be employed based on his false representations, the misconduct should be construed as continuing. The parties agree that neither the United States Supreme Court nor the Sixth Circuit have weighed in on whether the specific offenses charged against Mr. Pastor-Perez's should be treated as continuing offenses.

A.  Count One: False Claim to United States Citizenship (18 U.S.C. §1015(c)).

Count One of the Indictment alleges that "On or about March 14, 2017, continuing to on or about August 6, 2025, . . . Defendant Felix Pastor-Perez knowingly made a false statement and claim that he was, or at any time had been, a citizen and national of the United States, with the intent to engage unlawfully in employment in the United States." The Government appears to concede that the indictment is based on a single false statement made in March of 2017. If this conduct is treated as a single isolated act, the statute of limitations would have run in March of 2022, and the indictment would have to be dismissed. However, although there is no evidence or argument that Mr. Pastor-Perez made any additional false statements after March 14, 2017, the Government does allege that he remained employed at AZZ Galvanizing through August 6, 2025. Because his continued employment was possible only due to his employer's on-going acceptance of the false statement made in 2017, the government contends that the act of misrepresentation was

4

on-going, and should, therefore, be treated as a continuing offense.

As the Sixth Circuit has not yet weighed in on the question of whether a false statement under 18 U.S.C. §1015(e) should be treated as a continuing offense, the defendant asks the Court to consider the reasoning espoused by the Fifth and Tenth Circuits in analogous cases. The Fifth Circuit's case of *United States v. Tavarez-Levarior*, 788 F.3d 433 (5th cir. 2015), held that using a fraudulent document to obtain employment under 18 U.S.C. §1546(a), should not be considered a continuous offense lasting the duration of the resulting term of employment. The *Tavarez-Levarior* court reasoned that "[t]here is nothing about the 'use' of an immigration document that denotes temporal longevity. . . a person uses a counterfeit or fraudulently obtained immigration document when he employs the document for a purpose. . . to obtain employment. . . these uses of a counterfeit or fraudulently obtained immigration document naturally occur in incidents of finite duration."

The Tenth Circuit has similarly found that the use of fraudulent social security number to open bank accounts should not be treated as continuing conduct for purposes of the statute of limitations, even if the defendant benefits from the use of the accounts beyond the limitations period. *United States v. Payne*, 978 F.2d 1177 (10th Cir. 1992). Though neither of these cases deals with the specific statute at issue here, they address the issue of how to treat a singular misrepresentation that continues to provide future access to a benefit that is dependent on the fraudulent representation. Both circuits relied on the general understanding "that the crime is complete at the time of the representation." *Id.* at 1180; see also, *Tavarez-Levarior*, 788 F.3d at 439.

The Fifth and Tenth Circuit cases, though more on point factually, remain unconvincing.

5

The Tenth Circuits reliance on the general premise that a crime of misrepresentation is complete at the time the representation is made does not meaningfully address the exception that the government seeks to employ.  There is no dispute that the general premise generally holds true.  However, there is an exception when the nature of the crime is "such that Congress must assuredly have intended that the offense be treated as a continuing one." *Toussie*, 397 U.S. at 115.  Further, the Fifth Circuit's reasoning that the use of a fraudulent immigration document for employment purposes does not suggest "temporal longevity" is not persuasive.  Making fraudulent claims of citizenship to obtain and engage in employment does implicate temporal longevity in that the defendant intends to obtain continuing employment, by allowing an employer to continuously believe that the defendant is a citizen who can be legally employed.

After reviewing all of the cited cases, the court finds that only *Jones* provides a convincing basis for a decision in this matter.  Although *Jones* is factually distinguishable, the logic translates to the facts of this case.  That case involved a crime of possession, which is, inherently an on-going crime.  The defendant in *Jones* had continuous possession of an illegal weapon.  Rather than charging him with each separate date of possession, the court recognized that possession is by its nature an on-going act that can only logically be charged as a continuous offense.  *Id.*  The Sixth Circuit described a continuing offense as one that "each day brings a renewed threat of the evil Congress sought to prevent.

When determining whether to dismiss an indictment, the Court must accept the facts in the indictment as true.  The indictment alleges that Mr. Pastor-Perez knowingly made a false statement that he was a United States citizen with the intent to engage unlawfully in employment, on or about March 14, 2017, continuing to on or about August 6, 2025.  It includes an assertion of

6

continuing conduct for a period of time extending into 2025.  Although the government has not argued that there was a series of misrepresentations over this period of time, they are, in essence, arguing that because he knew his employment was reliant on his misrepresentation of citizenship, each day Mr. Pastor-Perez showed up to work, or received a paycheck, he was implicitly renewing his original false representation.

The Court finds this argument persuasive.  Mr. Pastor-Perez made a false statement on his job application in March of 2017.  He continued to represent that he was a citizen who could be lawfully employed each time he showed up to work and accepted a paycheck under the fraudulent name and identifying information of a United States citizen.  The "evil" sought to be addressed by 18 U.S.C. § 1015(e) is the illegal employment of a non-citizen.  That "evil" continues to be perpetrated as long as a defendant continues to appear at work and receive payment under the guise of being a citizen.  Congress, therefore, must assuredly have intended the continuation of the illegally obtained  employment to be a continuation of the offense.

This is further supported by the language in the statute which makes the fraudulent misrepresentation illegal not only when it is intended to obtain employment, but also when it is intended to engage in employment.  Engaging in employment implicates a continuing course of conduct, whereas obtaining is a singular event. The explicit reference to engaging in employment would be rendered meaningless if it were conflated with the singular intent to obtain employment.

Recognizing this violation as a continuing offense does not compromise the reason behind the statute of limitations.  The Supreme Court has stated that the purpose of the statute of limitations is

to limit exposure to criminal prosecution to a fixed period of time following the

occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity.

*Toussie*, at 114-115.   So long as a defendant is engaging in employment under a fraudulent name and identifying information, there is little risk that the facts underlying the crime of misrepresentation will become obscured.  Further, there is no need to guard against any danger of punishment for far-distant acts because the misrepresentation remains active, and the defendant continues to benefit from the criminal activity.   In short, for the duration of his employment, Mr. Pastor-Perez was knowingly and falsely claiming to be a citizen of the United States, with the intent to engage unlawfully in employment.


B.  <u>Count Two: Misuse of Social Security Number (42 U.S.C. §408(a)(7)(B))</u>.

The arguments and analysis of the continuing nature of Count Two mirror those made for Count One.  If anything, the case for treating this offense as continuing is even stronger than it was for Count One, because the payment Mr. Pastor-Perez received for his employment through August 6 of 2025 was paid and reported to the IRS under the social security number he provided. Therefore, he was repeatedly misusing the social security number by accepting these checks and having taxes taken out and attributed to that social security number.  In other words, by continuing to rely on someone else's social security number and other receive his paychecks and pay his taxes, Mr. Pastor-Perez was continuing to claim this information as his own.

8

C.  Aggravated Identity Theft (18 U.S.C. §1028A(a)(1)

The third count is a charge of aggravated identity theft, alleging Mr. Pastor-Perez knowingly used the identifying information of another actual person to perpetuate his conduct in Counts One and Two.  The parties agree that if there remains a cause of action for the predicate offenses, then there is no basis upon which to dismiss Count Three.  Therefore, as the Court has found that Counts One and Two allege continuing offenses that preclude the strict application of the five year statute of limitations, Count Three also remains a viable claim.

## CONCLUSION

For the reasons set forth above, the Court finds that Defendant, Mr.Pastor-Perez's Motion to Dismiss Indictment is not supported by the record or by the applicable law.    The motion is, therefore, DENIED.  (ECF #11).   IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED:  December 8, 2025

9